11th Court of Appeals
Eastland, Texas
Opinion
 
Maurice Consonteen Dickinson
            Appellant
Vs.                  No. 11-03-00387-CR -- Appeal from Nolan County
State of Texas
            Appellee
 
            The jury convicted Maurice Consonteen Dickinson of the offense of possession of cocaine
weighing more than 4 grams but less than 200 grams. After finding both enhancement allegations
to be true, the jury assessed appellant’s punishment at confinement for life and fine of $6,480. We
affirm.
            In his sole point of error, appellant argues that the trial court erred in denying appellant’s
motion to suppress. Appellant contends that the factual assertions contained in the search warrant
affidavit did not support a finding of probable cause. 
            Appellant asserts that we must apply a de novo standard of review pursuant to Guzman v.
State, 955 S.W.2d 85 (Tex.Cr.App.1997). However, subsequent to the filing of appellant’s brief in
this case, the Court of Criminal Appeals revisited the standard of review applicable to a trial court’s
finding of probable cause in an affidavit in support of a search warrant. See Swearingen v. State, 143
S.W.3d 808 (Tex.Cr.App.2004). In Swearingen, the court determined that the standard to be applied
to the review of a magistrate’s determination of probable cause in issuing a search warrant is an
exception to the general rule set out in Guzman. Swearingen v. State, supra at 811 (stating that
Guzman still applies to warrantless search situations). The Swearingen court held that a magistrate’s
determination to issue a search warrant is subject to the deferential standard of review articulated in
Illinois v. Gates, 462 U.S. 213 (1983), and Johnson v. State, 803 S.W.2d 272 (Tex.Cr.App.1990),
cert. den’d, 501 U.S. 1259 (1991). A reviewing court must give deference to the trial court’s
determination of probable cause and affirm that decision “so long as the magistrate had a substantial
basis for concluding that a search would uncover evidence of wrongdoing.” Swearingen v. State,
supra at 810 (quoting Illinois v. Gates, supra).
            In this case, the search warrant affidavit reads as follows: 
I, Tonya Sides do solemnly swear that...Maurice, a black male, last name unknown,
approximately 5'9, 250 pounds, short black hair, brown eyes, with four gold teeth and
person or persons unknown to your affiant...did then and there unlawfully possess
and does at this time unlawfully possess...Cocaine/Crack Cocaine in a residence
[detailed residence description provided] under the control and charge of the above
mentioned SUSPECTED PARTIES. 
 
MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE
FOLLOWING FACTS:
Your affiant[’]s name is Tonya Sides. I am currently employed with the Taylor
County District Attorney’s Office assigned to the West Central Texas Interlocal
Crime Task Force in Abilene, Taylor County, Texas. [Law enforcement experience
provided]
 
That just prior to making this application for this search warrant, your affiant has
received information from a confidential informant whose identity must remain a
secret for security reasons. Your affiant knows this same confidential informant to
be credible, reliable, and trustworthy, and this belief is based on the following set out
facts: 
 
1. That your affiant knows this same confidential informant has provided
information to Officer Chris Smith of the Abilene Police Department, in the Taylor
County area, that has always proven to be true and correct. 
 
2. That this same confidential informant knows what cocaine looks like in it’s (sic)
various forms, and can identify it as such.

3. That this same confidential informant is supplying information to your affiant on
a voluntary basis, and no deals or promises of any kind have been made to the
informant by your affiant. 
 
4. That this same confidential informant enjoys a good reputation within the
community for being truthful....
 
That within the past 72 hours this same confidential informant has been at the above
described suspected place and observed the suspected parties, Maurice, a black male,
last name unknown and person or persons unknown to your affiant either by name
or description but being located on said premises in possession of a beige rock like
substance that Maurice, a black male, last name unknown, purported to be crack
cocaine. 
            Both the search warrant affidavit and appellant’s arguments in this case are similar to those
in Swearingen. Although portions of the affidavit are conclusory and the quantity of cocaine was
not specified, the affidavit as a whole and the reasonable inferences that may be drawn from the
affidavit support the trial court’s conclusion that a substantial basis existed for the finding of
probable cause to issue a search warrant. Like the magistrate in Swearingen, the magistrate issuing
the warrant in this case could not have ruled out the possibility that the cocaine had already been
consumed or moved. However, neither magistrate was foreclosed from concluding that it was
reasonably likely that a search of the respective residences would uncover evidence tending to show
that the occupants were guilty of possession of a controlled substance. See Swearingen v. State,
supra at 811. Appellant’s sole point of error is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
April 21, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.